ROBERTO MARQUEZ (State Bar #131195)
613 D Street
Marysville, CA 95901
Telephone:      (530) 749-8766
Facsimile:      (530) 743-1364

Attorney for Plaintiff,

## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVEN ANTHONY SIMO, | CASE NO. |
| Plaintiff, | COMPLAINT FOR DAMAGES FOR: |
| vs. | |
| COUNTY OF SUTTER, SHERIFF J. PAUL PARKER, in his individual and official capacity, and DOES 1 through 25 inclusive, | 1. Denial of Right to Bail in Violation of Eighth Amendment 2. Deprivation of Liberty Without Due Process of Law in Violation of Fourteenth Amendment 3. Denial of Equal Protection of Law in Violation of Fourteenth Amendment; 4. General Negligence in Violation of California Law 5. Negligent Supervision, Training, Hiring, and Retention |
| Defendants. | |

Plaintiff STEVEN ANTHONY SIMO alleges as follows:

### JURISDICTION

1.      Plaintiff brings this civil rights action pursuant to 42 U.S.C. §§ 1983 and 1988, and for violations of California state law to redress the deprivation by Defendants, acting under the color of state law.

2.      This Court has jurisdiction over this lawsuit pursuant to 28 U.S.C. §§ 1331 and 1343.

3.      This Court has supplemental jurisdiction over the state law claims asserted herein pursuant to 28 U.S.C. § 1367, because the claims form part of the same case or controversy arising under the United States Constitution and federal law.

**VENUE**

4.      Plaintiff's claim arose in the County of Sutter, California.  Venue therefore lies in the Eastern District of California pursuant to 28 U.S.C. § 1391(b)(2).

**Compliance with State Tort Claims Statute**

5.      Plaintiff filed a governmental tort claim with Defendant County of Sutter on March 15, 2018. By correspondence dated April 30, 2018, the County of Sutter rejected the governmental tort claim. This action is being timely filed within six months of the rejection of the claim. Because Plaintiff has complied with the California Tort Claims Statute, Plaintiff is entitled to pendent jurisdiction for their state law claims made herein.

**PARTIES**

6.      Plaintiff Simo is a 28 year old citizen of the United States and resident of the County of Sutter in the State of California. The cause of action in this matter is based upon Plaintiff Simo's rights under the Eighth Amendment, Fourteenth Amendment, and California state law.

7.      Defendant County of Sutter is a public entity, duly organized and existing under the laws of the State of California. Under its authority, Defendant County of Sutter operates and manages the Sutter County Jail and is and was at all relevant times mentioned herein responsible for the actions and/or inactions and the policies, procedures, and practices/customs of the Sutter County Sheriff's Department and Sutter County Jail, and each entity's respective employees and/or agents. Sutter County Sheriff's Department operates the Sutter County Jail, and is and was responsible for ensuring the safety of all Sutter County Jail inmates.

8.      Defendant J. Paul Parker is, and was at all relevant times mentioned herein, the Sheriff of the County of Sutter, the highest position in the Sutter County Sheriff's Department. As Sheriff, Defendant Parker is and was responsible for the hiring, screening, training, retention, supervision, discipline, counseling, and control of all Sutter County custodial employees and/or agents and

Does 1-25. Defendant Parker is and was charged by law with the administration of the Sutter County Jail, with the assistance of a small group of executive officers. Defendant Parker also is and was responsible for the promulgation of the policies and procedures and allowance of the practices/customs pursuant to which the acts of the Sutter County Sheriff's Department alleged herein were committed. Defendant Parker is being sued in his individual and official capacities.

9.      The true names of the identities of Defendants 1-25 are presently unknown to Plaintiff. Plaintiff alleges that each of the Defendants 1-25 were employed by the County of Sutter and/or Sutter County Sheriff's Department at the time of the conduct alleged herein. Plaintiff further alleges that Defendants 1-25 violated Plaintiff's Eighth Amendment rights, Fourteenth Amendment rights, and rights under California state law. Plaintiff further alleges that each of Defendants 1-25 were responsible for the hiring, screening, training, retention, supervision, discipline, counseling, and jail custody employees and/or agents involved in the conduct alleged herein.

10.      Plaintiff will seek to amend this Complaint as soon as the true names and identities of Defendants Does 1-25 have been ascertained.

11.      Defendant J. Paul Parker and Does 1-30 engaged in acts or omissions alleged herein under color of state law.

12.      Plaintiff is informed and believes and thereon alleges that at all times mentioned in this Complaint, Defendants were the agents, employees, servants, joint venturers, partners, and/or co-conspirators of the other Defendants named in this Complaint and that at all times, each of the Defendants were acting within the scope and course of said relationships with Defendants.

**FACTUAL ALLEGATIONS**

13.      On or about October 8, 2017, at approximately 2:30 a.m., Yuba City police officers arrested Plaintiff for violating California Vehicle code section 23152, a misdemeanor, driving

while under the influence of alcohol.  The Plaintiff was transported and booked into the Sutter County Jail.

14.     Sutter County jailers upon taking custody of the Plaintiff unlawfully denied the defendant bail and set his bail at "no bail" in violation of the Eighth Amendment of the United States Constitution, Article 1, section 12, of the California Constitution and California Penal Code sections 1268, 1269b, 1270, and 1271.

15.     Pursuant to California Penal Code section 1270, Plaintiff, arrested for a misdemeanor offense, was entitled to be released on his own recognizance.

16.     Pursuant to California Penal Code section 825, Plaintiff, if not released on his own recognizance, was entitled to be taken before a magistrate without unnecessary delay, and, in any event within 48 hours after his arrest, excluding Sundays and holidays.

17.      Plaintiff, however, was not released on his own recognizance, not allowed release upon the posting of bail, nor was he ever taken before a magistrate and he remained unlawfully incarcerated in the Sutter County jail.

18.     The defendant remained unlawfully incarcerated in the Sutter County jail from October 8, 2017, until October 24, 2017, when he was finally released.

19.     As a result of this incarceration, Claimant's suffered injury to his person, as well as emotional distress, mental anguish and other damages alleged herein.

20.      Plaintiff brings this action against Defendants for violations arising out of Defendant's deliberate indifference and negligence that caused the needless suffering of Plaintiff.

///

///

///

## CLAIMS FOR RELIEF

### First Cause of Action

**Defendants Denied Plaintiff's Right to Bail Violation of the Eighth Amendment to the Constitution of the United States (42 U.S.C. § 1983)**

**(Against Defendants County of Sutter, J. Paul Parker, and Does 1-25)**

21.      Plaintiff re-alleges and incorporates by reference paragraphs 1-20 as though fully set forth herein.

22.      Defendants unlawfully detained Plaintiff in their jail on a "no bail" hold and denied the Plaintiff the right to be released upon the posting of bail.

23.      The Plaintiff was unlawfully held in the defendant's jail from October 8, 2017, until his release on October 24, 2017. Plaintiff was unlawfully denied bail in violation of the Eighth Amendment to the Constitution of the United States.

24.      As a direct and proximate result of Defendant's conduct, Plaintiff experienced physical pain, severe emotional distress, and mental anguish and other damages alleged herein.

25.      The aforementioned acts of Defendants were willful, wanton, malicious, and oppressive, thereby justifying an award to Plaintiff of exemplary and punitive damages to punish the wrongful conduct alleged herein and to deter such conduct in the future.

### Second Cause of Action

**Defendant Deprived Plaintiff of Liberty Without Due Process of Law in Violation of the Fourteenth Amendment to the Constitution of the United States (42 U.S.C. § 1983)**

**(Against Defendants County of Sutter, J. Paul Parker, and Does 1-25)**

26.      Plaintiff re-alleges and incorporates by reference paragraphs 1-20 as though fully set forth herein. Defendants unlawfully detained Plaintiff in their jail on a "no bail" hold and denied the Plaintiff the right to be released upon the posting of bail.

27.      The Plaintiff was unlawfully held in the defendant's jail from October 8, 2017, until his release on October 24, 2017.

28.     The Plaintiff was detained in the defendant's jail from October 8, 2017, until October 24, 2017, without Plaintiff being allowed access to the courts to challenge the basis of his detention as guaranteed by the Due Process clause of the Fourteenth Amendment.

29.     As a direct and proximate result of Defendant's conduct, Plaintiff experienced physical pain, severe emotional distress, and mental anguish and other damages alleged herein.

30.     The aforementioned acts of Defendants were willful, wanton, malicious, and oppressive, thereby justifying an award to Plaintiff of exemplary and punitive damages to punish the wrongful conduct alleged herein and to deter such conduct in the future.

### Third Claim for Relief
**Defendants denied Plaintiff the Equal Protection of the laws in Violation of the Fourteenth Amendment to the Constitution of the United States (42 U.S.C. § 1983) (Against Defendants County of Sutter J. Paul Parker and Does 1-25)**

31.     Plaintiff re-alleges and incorporates by reference paragraphs 1-20 as though fully set forth herein. Defendants unlawfully detained Plaintiff in their jail on a "no bail" hold and denied the Plaintiff the right to be released.

32.      The Plaintiff, having been arrested on a misdemeanor, was entitled to be released upon his own recognizance pursuant to California Penal Code section 1270.

33.     The Plaintiff, having been arrested on a misdemeanor, if not released on his own recognizance pursuant to California Penal Code section 1270, was entitled to be released upon bail pursuant to the Eighth Amendment of the United States Constitution, California Constitution Article 1, section 12, and California Penal Code sections 1268, 1269b, and 1271.

34.     The Plaintiff, having been arrested, if not otherwise released, was entitled to be taken before a magistrate without unnecessary delay, and, in any event within 48 hours after his arrest, excluding Sundays and holidays pursuant to California Penal Code section 825.

35.     The defendant was held in the defendant's jail from October 10, 2017, until his release on October 24, 2017.

36.     The defendant was held in violation of the Eighth Amendment of the United States Constitution, California Constitution Article 1, section 12, California Penal Code sections 825, 1268, 1269b, 1270, and 1271, in violation of the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution.

37.     As a direct and proximate result of Defendant's conduct, Plaintiff experienced physical pain, severe emotional distress, and mental anguish and other damages alleged herein.

38.     The aforementioned acts of Defendants were willful, wanton, malicious, and oppressive, thereby justifying an award to Plaintiff of exemplary and punitive damages to punish the wrongful conduct alleged herein and to deter such conduct in the future.

**Fourth Cause of Action**
**General Negligence (California State Law)**
**(Against Defendants County of Sutter, J. Paul Parker, and Does 1-25)**

39.     Plaintiff re-alleges and incorporates by reference paragraphs 1-20 as though fully set forth herein.

40.     Defendants also failed to appropriately supervise, review, and ensure the competence of custody staff's provision of treatment to Plaintiff, and failed to enact appropriate standards and procedures that would have prevented harm to him.

41.     Defendants owed Plaintiff a duty of care to ensure that all of his Federal Constitutional Rights, California State Constitutional Rights and California state law protections were implemented in order to protect him while incarcerated.

42.     As a direct and proximate cause of this negligence and failure to meet ordinary

standards of care, Plaintiff suffered injuries and damages as alleged herein.

43.     The conduct of the Defendants alleged herein, including, but not limited to the facts that Defendants knew Plaintiff having been arrested on a misdemeanor, if not released on his own recognizance pursuant to California Penal Code section 1270, was entitled to be released upon bail pursuant to the Eighth Amendment of the United States Constitution, California Constitution Article 1, section 12, and California Penal Code sections 1268, 1269b, and 1271.

44.     The conduct of the Defendants alleged herein, including, but not limited to the facts that Defendants knew Plaintiff, having been arrested, if not otherwise released, was entitled to be taken before a magistrate without unnecessary delay, and, in any event within 48 hours after his arrest, excluding Sundays and holidays pursuant to California Penal Code section 825

45.     The alleged conduct of Defendants was committed within the course and scope of their employment.

46.     As a direct and proximate result of Defendant's breach, Plaintiff suffered physical pain, severe emotional distress, and mental anguish and other damages alleged herein.

47.     The aforementioned acts of Defendants were willful, wanton, malicious, and oppressive, thereby justifying an award to Plaintiff of exemplary and punitive damages to punish the wrongful conduct alleged herein and to deter such conduct in the future.

## Fifth Cause of Action
### Negligent Supervision, Training, and Retention (California State Law)
### (Against Defendants County of Sutter, J. Paul Parker, and Does 1-25)

48.     Plaintiff re-alleges and incorporates by reference paragraphs 1-47 as though fully set forth herein.

49.     Defendants had a duty to hire, supervise, train, and retain employees and/or agents so that employees and/or agents refrain from the conduct and/or omissions alleged herein.

50.     Defendants breached this duty, causing the conduct alleged herein. Such breach constituted negligent hiring, supervision, training, and retention under the laws of the State of California.

51.     As a direct and proximate result of Defendant's breach, Plaintiff suffered physical pain, severe emotional distress, and mental anguish and other damages alleged herein.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for the following:

1.     For compensatory, general and special damages against Defendant, jointly and severally, in an amount to be proven at trial;

2.     General damages, including damages for physical and emotional pain, emotional distress, hardship, suffering shock, worry, anxiety, sleeplessness, illness and trauma and suffering as well as the loss of financial support and contributions, loss of the present value of future services and contributions, and loss of economic security;

3.     Prejudgment interest;

4.     For punitive and exemplary damages against each individually named Defendant in an amount appropriate to punish Defendant(s) and deter others from engaging in similar misconduct;

5.     For costs of suit and reasonable attorney's fees and costs pursuant to 42 USC § 1988, and as otherwise authorized by statute or law;

6.     For restitution as the Court deems just and proper;

7.     For such other relief, including injunctive and/or declaratory relief, as the Court may deem proper.

///

///

COMPLAINT FOR DAMAGES

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands trial by jury in this action.


Dated:  October 25, 2018

By:   /s/ Roberto Marquez
ROBERTO MARQUEZ
Attorney for PLAINTIFF STEVEN SIMO

COMPLAINT FOR DAMAGES